**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5330-16T2
               A-5352-16T2

D.P.,

    Plaintiff-Appellant,

v.

E.R.,

    Defendant-Respondent.

_____

M.D.-P., and B.P.,

    Plaintiffs-Appellants,

v.

E.R.,

    Defendant-Respondent.

_____

        Submitted December 18, 2018 – Decided  January 2, 2019

        Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket Nos. FD-03-0480-17 and FD-03-0548-17.

Scott D. Burns, attorney for appellant D.P.

Kearney & Associates, PC, attorneys for appellants M.D.-P. and B.P. (Kelli M. Martone, on the brief).

Respondent has not filed a brief.

PER CURIAM

These back-to-back family court appeals concern a child – M.R. (Madeline)[1] – and pose the same question: whether the trial judge erred in declining to further entertain these two grandparent-visitation claims[2] because the custodial parent and Madeline had relocated to Florida.

To put the issue in context, a dating relationship between K.P. (Kaylan) and defendant E.R. (Edward) resulted in Madeline's July 2013 birth. The grandparents alleged in their actions that at some point early on the Division of Child Protection and Permanency got involved, and Madeline was placed in Darla's home for approximately two years. When Kaylan passed away in July

---

[1] All names used in this opinion are fictional.

[2] One action was filed by D.P. (Darla), Madeline's maternal grandmother, the other by B.P. (Ben), Madeline's maternal grandfather, and M.D.-P. (Martha), Ben's wife.

A-5330-16T2

2016, Edward immediately sought and was granted, by order entered on August 5, 2016, sole legal and physical custody of Madeline; that order also authorized their relocation to Florida.

Darla filed her grandparent-visitation action – and Ben and Martha filed theirs – within a few weeks of the transfer of custody to Edward. Subsequent orders scheduled discovery and interim visitation, but, according to the grandparents, Edward never provided discovery and never complied with interim visitation directives. Additional motions were filed that were assigned to Judge John Tomasello, who concluded, by orders entered in these matters on June 29, 2017, that the court lacked jurisdiction to decide the scope of grandparent visitation; the order suggested the grandparents seek enforcement of the existing New Jersey orders in Florida.

The grandparents did in fact request enforcement in Florida. The appellate record contains an order entered by a Florida court, on January 31, 2018, that: (1) held Edward in contempt; (2) granted Ben and Martha video contact with Madeline every Tuesday and Saturday; (3) compelled Edward to respond to outstanding discovery requests; and (4) reserved on Ben and Martha's application for counsel fees.

3

Notwithstanding the Florida court's current immersion into these disputes and the fact that the child has now been domiciled in Florida for more than two years, Darla, Ben and Martha, appeal Judge Tomasello's June 29, 2017 decision declining to hold a plenary hearing into their grandparent-visitation claims. In her appeal, Darla states the issue this way:

> THE TRIAL COURT ERRED BY FAILING TO MANAGE THE CASE PUR[]SUANT TO THE PRECEDENT OF THE RELEVANT CASE LAW.

And Ben and Martha pose the issue this way:

> THE TRIAL COURT ERRED BY RELINQUISHING JURISDICTION OF THE PENDING APPLICATION FOR GRANDPARENT VISITATION AND FAILING TO ENFORCE THE PREVIOUS ORDERS OF THE COURT AND PRIOR TO SCHEDULING THE PREVIOUSLY ORDERED PLENARY HEARING.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the reasons set forth in Judge Tomasello's thoughtful and well-reasoned oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-5330-16T2